## Wiker v. Shissler's Administrator.

*Damage caused by suicide in plaintiff's house—Damages—Averment of—Statutory demurrer.*

A statement claimed damages for loss of bedding and contents of a room in a house in which the defendant's decedent had committed suicide and also for depreciation of the property. On statutory demurrer raising a point of law that there could be no recovery on the last item, but conceding that there could be recovery on the other items: *Held,* that as the other items of the claim would carry the case to a jury, the question raised by the affidavit could be passed upon at the trial and would now, therefore, be decided against the defendant.

Affidavit of defence raising a point of law. C. P. Lancaster Co., June T., 1924, No. 49.

*John M. Groff,* for plaintiff; *H. Frank Eshleman,* for defendant.

HASSLER, J., Jan. 16, 1926.—The defendant in this case has filed an affidavit of defence raising a question of law. Defendant admits in his affidavit of defence that the plaintiff's statement sets forth a good cause of action, but contends that she cannot recover some of the damages claimed.

The plaintiff alleges in her statement that Amos W. Shissler, the defendant's decedent, committed suicide in the house of the plaintiff on June 3, 1922, she having been engaged in the business of renting rooms for a livelihood. She alleges that because of the suicide she has been unable to rent rooms and her property has depreciated in value. She also alleges that bedding and other contents of the room in which the suicide was committed were rendered worthless because of it. She seeks to recover damages for the bedclothing, which the defendant concedes she is entitled to recover, and also for the loss of rentals and the depreciation in value of her property.

The only case that counsel for the parties have been able to find on the subject is that of Clark v. Gay, 38 S. E. Repr. 81, being a decision of the Supreme Court of Georgia. The facts in the case are that a neighbor killed a servant in another's house. The owner of the house had difficulty in securing a tenant because of the murder having reduced its desirability. The court in its opinion said: "After a careful study of the petition, the only definite purpose that we can gather from it is to recover the value of plaintiff's house on account of the defendant's unlawfully pursuing a servant of the plaintiff and killing him in the house. There is no allegation of actual physical damage done to the house, nor is there anything to show that it was not in as good condition after the homicide as before. We cannot imagine, therefore, how the value of the house could be made a measure of the damage alleged to have been caused by the unlawful conduct of the defendant."

We, however, will decide the question of law raised in this affidavit of defence against the defendant, as the case must go to trial on the damages which the defendant admits the plaintiff is entitled to recover, viz., the loss of bedclothing and other contents of the room, because they had to be destroyed, and can pass upon the question of the plaintiff's right to recover the other damages claimed at the trial.

From George Ross Eshleman, Lancaster, Pa.